IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| DRUE A. HOLLIS, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-1043-P |
| | § | |
| EYES ON CAMP BOWIE, P.A., | § | |
| Defendant. | § | |

### FINDING, CONCLUSION, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On November 23, 2022, *pro se* Plaintiff Drue Allen Hollis ("Hollis") filed a Complaint [doc. 1] against Defendant Eyes on Camp Bowie, P.A. in the above-styled and referenced case. The instant case is Hollis' eighth as Plaintiff in the past thirteen months:[1]

| Case Number | Style | Date Filed | Date Closed |
|---|---|---|---|
| 4:21-CV-1142-O | *Hollis v. Tarrant County, Texas* | 10/21/2021 | 03/18/2022 |
| 4:21-CV-115-P | *Hollis v. Webber* | 10/14/2021 | 11/23/2021 |
| 4:22-CV-32-O | *Hollis v. Webber, et al.* | 01/14/2022 | 02/22/2022 |
| 4:22-CV-413-P | *Hollis v. Webber* | 05/12/2022 | 06/27/2022 |
| 4:22-CV-432-O | *Hollis v. Sweetwater* | 05/18/2022 | 06/21/2022 |
| 4:22-CV-459-O-BP | *Hollis v. Tarrant County* | 05/31/2022 | Pending |
| 4:22-CV-608-P | *Hollis v. Rousch* | 07/18/2022 | 10/13/2022 |

Courts possess the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *Obama v.*

---

[1] The closed cases were dismissed pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915(e) and/or the Federal Rule of Civil Procedure 12(b)(6).

1

*United States*, No. 3:09-CV-226-, 2010 WL 668847, at *5 (N.D. Tex. Feb. 24, 2010) (quoting *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993)). Included in this inherent power is the "power to levy sanctions in response to abusive litigation practices." *Obama*, 2010 WL 668847 at *5. Sanctions may be appropriate when a pro se litigant has a history of submitting multiple frivolous claims. *Id.* (citing Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191-195-97 (5th Cir. 1993)). Pro se litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Courts in the Fifth Circuit have adopted the Tenth Circuits advisory that "injunctions restricting further filings are appropriate where the litigant's lengthy and abusive history is set forth," and that is proper for the court to "provide[] guidelines as to what the litigant may do to obtain its permission to file and action," provided that the "litigant received notice and an opportunity to oppose the court's order before it was implemented." *Flores v. U.S. Att'y Gen.*, No. 1:14-CV-198 2015 WL 1088782, at *4 (E.D. Tex. Mar. 4, 2015) (citing *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) (internal citation omitted)). The undersigned **FINDS** that Hollis' litigation history has risen to the prevalence and level of harassment that existed in the cases cited above where sanctions were deemed appropriate. Hollis is hereby warned that sanctions may be imposed for any future abusive litigation practices. The Court would also direct that Hollis be required to obtain leave of court by motion before filing suit in this district.

Based on the foregoing, the Court **RECOMMENDS** that Hollis is declared a vexatious litigant and that the District Court warn Hollis by order that (1) monetary sanctions may be imposed for future vexatious litigation considered to be abusive and harassing in nature, and (2) that Hollis must obtain leave to court by filing a motion before he is permitted to file any additional complaints in this district.

## **ORDER**

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **December 12, 2022**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

SIGNED November 28, 2022.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE