IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DRUE A. HOLLIS,<br>Plaintiff, | §<br>§<br>§ | |
| VS. | §<br>§ | CIVIL ACTION NO. 4:22-CV-1043-P |
| EYES ON CAMP BOWIE, P.A.,<br>Defendant. | §<br>§<br>§ | |

### FINDINGS, CONCLUSION, AND RECOMMENDATION REGARDING DISMISSING CLAIMS PURSUANT TO SCREENING PROVISIONS OF 28 U.S.C. § 1915(e)

On November 23, 2022, *pro se* Plaintiff Drue Hollis ("Hollis") filed a Complaint [doc. 1] against Eyes on Camp Bowie, P.A ("Eyes"). The same day, Hollis filed a Motion for Leave to File *In Forma Pauperis* [doc. 2] and the undersigned granted the motion on November 28, 2022 [doc. 8]. In his Complaint, Hollis alleges Eyes violated 42 U.S.C. § 1975 by "purposefully altering the prescription for [his] contact lenses" in "connection with a known conspiracy to defraud the United States." (Complaint at 2.) For this violation, Hollis seeks twenty million dollars from Eyes.

Section 1915 of Title 28 of the United States Code sets forth provisions for claimants proceeding in forma pauperis ("IFP"). Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall, *sua sponte*, dismiss a case proceeding IFP if the court determines that it is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 556 (2007) (internal quotations omitted). This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (quoting *Bell Atl. Corp.*, 550 U.S. at 555).

After reviewing Hollis' Complaint, the Court finds Hollis has failed to properly invoke any basis for this Court to exercise jurisdiction over the subject matter in this case. The general rule is that a federal court obtains jurisdiction over subject matter only if the elements necessary to constitute diversity of citizenship are met under 28 U.S.C. § 1332 ("diversity jurisdiction") *or* if the cause of action arises under the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331 ("federal question jurisdiction"). Hollis has not invoked diversity jurisdiction, though he attempts to invoke Federal Question jurisdiction, alleging a cause pursuant to 42 U.S.C. § 1975. However, in his blanket allegations, Hollis fails to plead any facts establish a deprivation committed by a person acting under the color of state law. Additionally, his Complaint fails to state facts that support his claims entitle him to relief. Accordingly, Hollis' claims under Section 1975[1] against Eyes have no basis in federal law, and the Court **RECOMMENDS** his claims be dismissed for failure to state a cognizable claim.

## RECOMMENDATION

It is **RECOMMENDED** that, pursuant to 28 U.S.C. § 1915(e), the above-styled and numbered cause be **DISMISSED** as Hollis, in his complaint, has failed to state a claim upon which relief can be granted.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions

---

[1] Section 1975 established the United States Commission on Civil Rights. *See* 42 U.S.C. § 1975.

and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **December 15, 2022**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED December 1, 2022.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE