UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**DRUE A. HOLLIS, I,**

　　Plaintiff,

v.　　　　　　　　　　　　　　　No. 4:22-CV-01043-P

**EYES ON CAMP BOWIE, P.A.,**

　　Defendant.

## ORDER

　　The United States Magistrate Judge issued two separate Findings, Conclusions, and a Recommendations ("FCR") in this case. ECF Nos. 9, 11. The first FCR recommends that this Court declare Plaintiff Drue A. Hollis a vexatious litigant and warn Hollis by order that "(1) monetary sanctions may be imposed for future vexatious litigation considered to be abusive and harassing in nature[;] and (2) that Hollis must obtain leave of court by filing a motion before he is permitted to file any additional complaints in this district." ECF No. 9 at 2. Plaintiff filed a timely objection to this first FCR. ECF No. 10. The Court thus conducts a review de novo **ADOPTING** the reasoning in the Magistrate Judge's FCR (ECF No. 9), and **OVERRULING** Plaintiff's Objection (ECF No. 10).

　　In the second FCR, the Magistrate Judge recommends that this case be dismissed for Plaintiff's failure to state a cognizable claim. ECF No. 11 at 2. Plaintiff timely objected. ECF Nos. 13, 14. The Court thus conducts a review de novo **ADOPTING** the reasoning in the Magistrate Judge's FCR (ECF No. 11), and **OVERRULING** Plaintiff's Objections (ECF No. 13, 14).

## ANALYSIS

### A. Vexatious Litigant

　　Over the last thirteen months, Plaintiff has filed eight cases in the Fort Worth division. ECF No. 9 at 1.

| Case Number | Style | Date Filed | Date Closed |
|---|---|---|---|
| 4:21-CV-1142-O | *Hollis v. Tarrant County, Texas* | 10/21/2021 | 03/18/2022 |
| 4:21-CV-115-P | *Hollis v. Webber* | 10/14/2021 | 11/23/2021 |
| 4:22-CV-32-O | *Hollis v. Webber, et al.* | 01/14/2022 | 02/22/2022 |
| 4:22-CV-413-P | *Hollis v. Webber* | 05/12/2022 | 06/27/2022 |
| 4:22-CV-432-O | *Hollis v. Sweetwater* | 05/18/2022 | 06/21/2022 |
| 4:22-CV-459-O-BP | *Hollis v. Tarrant County* | 05/31/2022 | Pending |
| 4:22-CV-608-P | *Hollis v. Rousch* | 07/18/2022 | 10/13/2022 |

On November 23, 2022, Plaintiff filed a hand-written complaint in which he demands $20,000,000 for various alleged violations including a copyright claim and claim under 42 U.S.C. 1975 for "altering the prescription for my contact lenses." ECF No 1 at 1. Plaintiff further demanded in a later filing that this Court withdraw $20,000,000 from its registry as compensation for his damages in this case. ECF No. 3. Having reviewed the law and Plaintiff's extensive history of filing frivolous cases in federal Court, The United States Magistrate Judge correctly stated that "Hollis' litigation history has risen to the prevalence and level of harassment that existed in . . . cases . . . where sanctions were deemed appropriate." ECF No. 9 at 2. Plaintiff's objections to the Magistrate Judge's FCR regarding this matter are meritless and borderline incomprehensible—further showcasing an extreme waste of judicial resources and the need to place fair procedures on any further filings by Plaintiff.

The Court thus **ADOPTS** the Magistrate Judge's first FCR. ECF No. 9.

### B. Failure to State a Claim

In his handwritten complaint, Plaintiff alleges two claims: "violation of copyright law under Title 17 [U.S.C.]" and "violation under 42 U.S.C 1775." ECF No. 1. Beyond these bald assertions, Plaintiff does not allege facts that—even construed to the broadest possible interpretation—are sufficient to state a claim under either of these statutes. Having reviewed the record and the law cited by the Magistrate Judge, The

2

Court adopts the reasoning of the Magistrate Judge and finds that Plaintiff's claims should be dismissed for failing to state a cognizable claim.

The Court thus **ADOPTS** the Magistrate Judge's second FCR. ECF No. 11.

## CONCLUSION

Having conducted a *de novo* review of the Magistrate Judge's findings, the Court **ADOPTS** the reasoning in the Magistrate Judge's FCRs (ECF Nos. 9, 11) and **OVERRULES** Plaintiff's Objections (ECF Nos. 13, 14).

It is thus **ORDERED** that Plaintiff is declared a vexatious litigant and that: (1) monetary sanctions may be imposed for future vexatious litigation considered to be abusive and harassing in nature; and (2) he must obtain leave of court by filing a motion before he is permitted to file any additional complaints in this district.

It is further **ORDERED** that the above-styled and numbered case is **DISMISSED** without prejudice.

**SO ORDERED** on this **12th day of December 2022.**

*[signature: Mark T. Pittman]*

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

3